# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-26-00141-CV

---

**Practical Technology, Inc., Appellant**

**v.**

**Neurological Fitness Equipment and Education, LLC, Appellee**

---

**FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-25-007971, THE HONORABLE MARIA CANTÚ HEXSEL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The notice of appeal tendered to perfect this interlocutory appeal for Practical Technology, Inc. was signed by only one person, and that person admittedly is not a licensed attorney. This approach was not new for this person because about five months before tendering the notice of appeal, this same person signed, again purportedly on Practical Technology's behalf, a petition for writ of mandamus tendered for filing in this Court. *See generally In re Practical Tech., Inc.*, No. 03-25-00657-CV, 2025 WL 2485162 (Tex. App.—Austin Aug. 28, 2025, orig. proceeding) (mem. op.). We dismissed that mandamus petition because "[i]n litigation, only a licensed attorney can appear and represent a corporation" and, "[a]s acknowledged in [the mandamus] petition, [the signer] is not a licensed attorney." *Id.* at *1.

Now in this appeal, Appellee moves that the appeal be dismissed because the same non-attorney signer is still the only person to have signed Practical Technology's purported

appeal-perfecting instrument and is the only person to have signed Practical Technology's appellant's brief. The day after Appellee's motion to dismiss was filed, we requested that Practical Technology respond to the motion by April 6, 2026, giving it 12 days to do so. *See* Tex. R. App. P. 10.3(a). The non-attorney signer in response tendered for filing a motion for an extension of time to respond to the motion to dismiss. On April 1, we dismissed that extension motion for, as the notice of the dismissal explained to the parties, the same reasons that we dismissed the earlier mandamus petition.

April 6 has now passed without a response by Practical Technology to Appellee's motion to dismiss the appeal. Rather than tendering for filing any response to the motion to dismiss the appeal, the non-attorney signer has instead tendered for filing a motion to reconsider the dismissal of the extension motion.

Practical Technology has been given sufficient time to respond to the motion to dismiss this appeal. And even after the non-attorney signer was notified that a licensed attorney must appear for Practical Technology in this Court to prosecute the appeal, no licensed attorney has appeared, and no other attempt to cure the problem has been shown to this Court. Practical Technology has been given a reasonable opportunity to file the necessary, attorney-signed perfecting instrument and appellant's brief. *See Kinder Morgan SACROC, LP v. Scurry County*, 622 S.W.3d 835, 846–47 (Tex. 2021). The non-attorney signer knew about the deficiency arising from an entity's attempting to appear in this Court without a licensed attorney at least as far back as the August 2025 dismissal of the mandamus petition.

Because Practical Technology's purported notice of appeal and appellant's brief are not signed by anyone else but the non-attorney signer, because no attorney has appeared for Practical Technology in this Court, and in light of the circumstances that we have detailed above,

2

we grant Appellee's motion to dismiss this appeal. *See Misty Tr. v. Jellison*, Nos. 03-19-00590-CV, 03-20-00048-CV, 2021 WL 1725949, at *2–3 (Tex. App.—Austin Apr. 30, 2021, no pet.) (mem. op.); *Kennedy v. Kennedy*, 222 S.W.3d 97, 98, n.1 (Tex. App.—Austin 2006, no pet.); *Temple of the Supreme Mother Goddess Mahadevi Shakit of Am., Corp. v. Wells Fargo Bank N.A. Tex.*, No. 05-15-01289-CV, 2016 WL 145640, at *1 (Tex. App.—Dallas Jan. 8, 2016, no pet.) (mem. op.). All other pending motions are dismissed as moot.

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly, and Ellis

Dismissed for Want of Prosecution

Filed: April 10, 2026